UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OLANDER D. CALBERT,

                Petitioner,                Case No. 1:09-cv-266

v.                                          Honorable Robert J. Jonker

MARY BERGHUIS,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Olander D. Calbert presently is incarcerated at the Earnest C. Brooks Correctional Facility. He was convicted by a Saginaw County jury of armed robbery, MICH. COMP. LAWS § 750.529, first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), and two counts of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced on August 19, 2002 to terms of ten to twenty years for the robbery conviction, life imprisonment without parole for the murder conviction, and two consecutive terms of two years for the felony-firearm convictions.

According to his habeas application, Petitioner appealed to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on July 29, 2004. On July 11, 2005, he filed a motion for relief from judgment in the Saginaw County Circuit Court. The circuit court denied the motion on May 3, 2006. Petitioner filed his application for leave to appeal to the Michigan Court of Appeals on May 4, 2007. The court of appeals dismissed the appeal for lack of jurisdiction because it was not filed within 12 months of the May 3, 2006 order. Petitioner sought leave to appeal to the Michigan Supreme Court, asserting that he had complied with the court rules to the best of his ability by handing the appeal to prison authorities for mailing before expiration of the one-year period. He argued that the petition was filed late due to an error in the prison mail room. The Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

Petitioner filed the instant petition on or about March 11, 2009.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on March 11, 2009, and it was received by the Court on March 23, 2009. Thus, it must

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

have been handed to prison officials for mailing at some time between March 11 and March 23, 2009. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on July 29, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 27, 2004.

Petitioner had one year from October 27, 2004, to file his habeas application. Petitioner filed on March 11, 2009. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court. According to

his habeas application, on July 11, 2005, Petitioner filed a motion for relief from judgment in the Saginaw County Circuit Court, which tolled the statute of limitations. At that time, 257 of the 365 days of his limitation period had expired. The circuit court denied the motion on May 3, 2006. Petitioner sought leave to appeal to the Michigan Court of Appeals on May 4, 2007. On June 15, 2007, the appeal was dismissed for lack of jurisdiction because it was untimely. Petitioner filed an application for leave to appeal to the Michigan Supreme Court, asserting that he had done everything possible to file a timely appeal. The supreme court denied leave to appeal on March 28, 2008, because it was not persuaded that the questions presented should be reviewed by the court, though one justice would have found the appeal to be timely and would have remanded to the court of appeals for a determination on the merits. Assuming for purposes of this recommendation that Petitioner is entitled to tolling during the time his application for leave to appeal was pending in the supreme court,[3] his period of limitation began to run again on March 28, 2008. The remaining 98 days in Petitioner's period of limitations expired on July 1, 2008. Petitioner filed his habeas application more than eight months later.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that

---

[3]While Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, he did not "properly file" that appeal within the meaning of 28 U.S.C. § 2244(d)(2). Ordinarily, where a petitioner has failed to properly pursue an avenue of appellate review available to him, only the time for seeking review at that level is counted under § 2244(d)(2). *See id.* ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Petitioner had one year, until May 3, 2007, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal in the Michigan Court of Appeals, his appeal was not "properly filed" within the meaning of 28 U.S.C.§ 2244(d)(2). His statute of limitations therefore began to run again on May 3, 2007, at the expiration of his time for filing a delayed application for leave to appeal, and expired 98 days later, on Monday, September 24, 2007.

the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  April 7, 2009                               /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).